UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ANTHONY JAMAL JONES<br>Defendant. | Case No. 5:94-cr-20079-EJD-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255**<br><br>Re: Dkt. Nos. 40, 44 |

Defendant Mr. Anthony Jamal Jones filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and twenty-five year sentence under 18 U.S.C. § 924(c) for two counts of use of a firearm in connection with a "crime of violence." Def.'s Mot. (Dkt. No. 44) at 1. The court based this twenty-five year sentence on Defendant's predicate convictions for a "crime of violence"—armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Defendant argues his sentence under Section 924(c) violates due process because his "armed-bank-robbery convictions no longer qualify as crimes of violence" under recent precedent, most notably *United States v. Davis*, 139 S. Ct. 2319 (2019). *Id.*

**I.     BACKGROUND**

On October 4, 1994, a grand jury charged Defendant with five counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and five counts of use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). Dkt. No. 1. In a written plea agreement, Defendant plead guilty to all armed bank robbery counts and two Section 924(c) counts. The government dismissed the three other Section 924(c) counts. The plea agreement included a waiver of Defendant's right to file a direct appeal. But, the plea agreement "made no

Case No.: 5:94-cr-20079-EJD-1
ORDER DENYING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255
1

reference to any waiver of the right to file a collateral attack or section 2255 motion." Def.'s Mot. at 1.

On March 8, 1995, Defendant was convicted in the Northern District of California for five counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and two counts of using a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). Dkt. No. 23. The crime of violence was armed bank robbery. The court sentenced Defendant to: (1) fifty-seven months for the bank robbery counts; (2) a mandatory consecutive sentence of five years for the first Section 924(c) count; and (3) a mandatory consecutive sentence of twenty years for the second Section 924(c) count.

On January 22, 2001, Defendant filed a *proceeding pro se* 28 U.S.C. § 2255 motion. *See* Dkt. No. 29. Defendant claimed he had a right to equitable tolling because his trial counsel was ineffective. *See id.* The Honorable Judge James Ware (Ret.) of the Northern District of California denied Defendant's motion because his motion was untimely. Dkt. No. 30. Also, the court did not find that Mr. Jones's trial counsel had been ineffective. *Id.* The court and the Ninth Circuit denied Mr. Jones's requests for a certificate of appealability. Dkt. Nos. 31, 36.

On May 4, 2016, Mr. Jones filed a second motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence under 18 U.S.C. § 924(c). Based on stipulations between the parties, the court ordered the parties to provide supplemental briefing addressing the potential impact of recent Ninth Circuit and Supreme Court decisions on Defendant's motion. Dkt. Nos. 58-59, 64-67. The court now decides Defendant's motion after reviewing the parties' briefing.

II. **LEGAL STANDARDS**

   A. **28 U.S.C. § 2255**

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A prisoner may move the court to vacate, set aside or correct the sentence on grounds that (1) the sentence violates the Constitution or laws of the United States; (2) the court that imposed the sentence lacked jurisdiction to do so; (3) the sentence

Case No.: 5:94-cr-20079-EJD-1
ORDER DENYING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255
2

exceeded "the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." *Id.* If the court finds error on one of these grounds, then "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### III. DISCUSSION

Title 18 U.S.C. § 924(c)(1)(A) "imposes a mandatory consecutive term of imprisonment for using or carrying a firearm 'during and in relation to any crime of violence.'" *United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018) (citing 18 U.S.C. § 924(c)(1)(A)). Section 924(c)(3) defines a "crime of violence" as a felony offense that:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Clause (A) in Section 924(c)(3)(A) is called the "force clause" and Clause (B) in Section 924(c)(3)(B) is called the "residual clause." *See Watson*, 881 F.3d at 784. The "force clause" is also referred to as the "elements clause."

Defendant's armed bank robbery convictions served as predicate offenses (*i.e.* "crimes of violence") for his convictions under Section 924(c). The Supreme Court recently held in *United States v. Davis* that the residual clause of Section 924(c)(3)(B) is "unconstitutionally vague." 139 S. Ct. at 2336. Defendant claims that *Davis* "confirms the position . . . [he] has been advocating all along in these 28 U.S.C. § 2255 proceedings, namely that his conviction and sentence under section 924(c) must be set aside as a violation of due process because that conviction and sentence were based on the residual clause." Def.'s Supp. Brief (Dkt. No. 68) at 1.

The government concedes that "under *Davis*, Defendant's conviction under Section 924(c) could not stand if it were premised on that statute's residual clause." U.S.' Supp. Brief (Dkt. No. 69) at 3. But, the government argues that Defendant's conviction and sentence under Section 924(c) stands because "the Ninth Circuit has consistently and explicitly held that armed bank

Case No.: 5:94-cr-20079-EJD-1
ORDER DENYING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255
3

robbery under 18 U.S.C. Section 2113(d) is a crime of violence under the elements clause of 924(c)." *Id.* (citing *Watson*, 881 F.3d at 785-86; *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990)). The court finds the government's reasoning persuasive.

In *Watson*, the Ninth Circuit held that armed bank robbery is a crime of violence under the force clause of Section 924(c). 881 F.3d at 783-84. There, defendants pled guilty to armed bank robbery under 18 U.S.C. § 2113(a) and (d) and to using or carrying a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A). *Id.* at 784. Defendants filed motions under 28 U.S.C. § 2255, claiming their Section 924(c) convictions violated due process because armed bank robbery, the predicate offense, "no longer qualifies as a crime of violence." *Id.*

The issue before the Ninth Circuit was whether bank robbery in violation of § 2113(a) constitutes a "crime of violence." In *Johnson*, the Supreme Court held that "[t]o qualify as a crime of violence under the force clause [of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i)], the element of 'physical force' must involve 'violent' physical force—'that is, force capable of causing physical pain or injury.'" *Id.* (citing *Johnson*, 559 U.S. 133, 140 (2010)). The Ninth Circuit concluded that the Supreme Court's interpretation in *Johnson* "applies to the similarly worded force clause of § 924(c)(3)(A)." *Id.* (citing *United States v. Gutierrez*, 876 F.3d 1254, 1256) (9th Cir. 2017) (*per curiam*)).

Defendants in *Watson* claimed, "[T]he least violent form of the offense—bank robbery 'by intimidation'—does not meet the requirements for a crime of violence." 881 F.3d at 785. The Ninth Circuit disagreed. *Id.* at 784. The Ninth Circuit held that bank robbery is a "crime of violence" "because even its least violent form 'requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* standard.'" *Id.* (citing *Gutierrez*, 876 F.3d at 1257). The Ninth Circuit agreed with the position of every other circuit that had addressed the issue. 881 F.3d at 785 (citing *United States v. Ellison*, 866 F.3d 32, 39-40 (1st Cir. 2017); *United States v. Brewer*, 848 F.3d 711, 715-16 (5th Cir. 2017); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016)). Because the

Ninth Circuit found that armed bank robbery is a crime of violence under the force clause, the Ninth Circuit concluded that it "need not address the residual clause." 881 F.3d at 784 (citing *United States v. Gutierrez*, 876 F.3d at 1256).

Applying *Watson* to the present case, this court finds that Defendant's armed bank robbery is a crime of violence under the force clause, and therefore, the court need not address Defendant's arguments concerning the residual clause. *See id.* at 783-84. The court agrees with the government's position that "Defendant's underlying crime of armed bank robbery supports his conviction under 924(c) in a way that is unaffected by the holdings of *Johnson II* and its progeny, or even *Davis*, because these cases were limited to consideration of the residual clause." *See* U.S.' Supp. Brief (Dkt. No. 69) at 4; *see also United States v. McGowan*, 774 F. App'x 402 (Mem) (9th Cir. 2019) ("McGowan also argues that her prior conviction for armed bank robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c). That argument fails, however, because we have held [in *Watson*] that armed bank robbery is a crime of violence under § 924(c)'s force clause. The Supreme Court's recent decision in *United States v. Davis* . . . does not affect our decision.") (internal citations omitted)).

Defendant acknowledges the Ninth Circuit's holding in *Watson* and respectfully disagrees with the ruling. Def.'s Supp. Brief (Dkt. No. 68) at 3. But, as Defendant recognizes, this court must follow Ninth Circuit precedent. *See* Def.'s Supp. Brief (Dkt. No. 61) at 7; *see also Mohamed v. Uber Techs.*, 848 F.3d 1201, 1211 (9th Cir. 2016) ("The district court does not have the authority to ignore circuit court precedent, and neither do we."); *see also McGowan*, 774 F. App'x at 402.

Thus, because the Ninth Circuit held in *Watson* that armed bank robbery is a crime of violence under Section 924(c), this court DENIES Defendant's motion to vacate, set aside, or correct his conviction and sentence under 18 U.S.C. § 924(c). This court, therefore, need not reach the government's remaining challenges.

Also, Defendant has not "demonstrate[d] that reasonable jurists would find . . . [this court's] assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529

U.S. 473, 484 (2000). Therefore, this court DENIES Defendant's request for a certificate of appealability.

## IV. ORDER

For the reasons set forth above, Defendant's motion to vacate, set aside, or correct his conviction and sentence is DENIED. Defendant's request for a certificate of appealability is likewise DENIED.

**IT IS SO ORDERED.**

Dated: September 30, 2019

EDWARD J. DAVILA
United States District Judge